Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4640 | **DATE** | 11/13/2002 |
| **CASE TITLE** | King et al vs. United States of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** We grant defendant's motion (Doc 3-1) to dismiss without prejudice. The Kings have thirty days to file an amended complaint, specifically identifying any and all legal causes of action.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 14 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 9 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| SCT | courtroom deputy's initials | 02 NOV 13 AM 11:43 Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOYCE KING and FRANK KING,  )
                                       Plaintiffs, )
                                       vs. )    02 C 4640

UNITED STATES OF AMERICA,  )
                                       Defendant. )

DOCKETED
NOV 14 2002

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the Court on a motion to dismiss for lack of subject matter jurisdiction brought by Defendant United States. For the reasons set forth below, the motion is granted.

## BACKGROUND

Because this is a motion to dismiss, we accept all well pleaded facts and allegations in the complaint as true and draw all reasonable inferences in a light most favorable to Plaintiffs Joyce and Frank King. *See Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). Mr. King is an employee of the U.S. Department of Veterans Affairs (the "VA"). During the relevant time period, Mr. King apparently was disabled, not actively working for the VA, and receiving disability

benefits. This action arises from a VA investigation of the Kings with respect to Mr. King's disability. Between January 1996 and November 1998 the VA investigated whether or not Mr. King was working for his wife at her day care business at the same time that he was receiving disability benefits from the government. During this investigation VA agents interviewed employees of Mrs. King's day care business and certain Illinois Department of Children and Family Services ("DCFS") personnel. The VA agents allegedly told those parties that one or both of the Kings had engaged in illegal acts concerning the operation of the day care center. The VA agents allegedly entered the Kings' home and engaged in improper electronic and other surveillance of the Kings without their consent or a court order. Mr. King unsuccessfully tried to retrieve information about the investigation: First, he submitted a Freedom of Information Act ("FOIA") request on the VA's activities, but was denied access to portions of the information. Second, he requested that the VA provide him with his personnel files but those files were either withheld or destroyed.

In November 1988 counsel for the Kings sent a letter to Richard J. Griffin, Inspector General of the VA, informing him that the Kings were making a claim for wrongful actions taken against them during the alleged investigation. The letter contained the following claims: (1) Government employees contacted friends and employees of Mrs. King's day care center and made disparaging remarks about the

Kings; (2) As a result of the investigation, three parents removed their children from the day care center; (3) Mrs. King was forced to explain to the DCFS that she was not engaged in fraud; and (4) Mrs. King and her children were placed under surveillance by the government. The letter claimed the Kings had sustained at least $50,000 in damages in the form of lost business opportunities and emotional distress. In January 1989 the VA denied the Kings' claims, stating that they were not actionable under the Federal Tort Claims Act (the "FTCA"). The VA further informed them of their right to file suit in federal district court in accordance with the FTCA.

The Kings filed this lawsuit under the FTCA on June 28, 2002. The United States moves to dismiss the action for lack of subject matter jurisdiction, arguing that the Kings' claims are barred by the intentional tort exception to the FTCA's waiver of sovereign immunity.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to dismiss claims over which a federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon a federal court. *In re Chicago, Rock Island & Pac. R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). The plaintiff bears the burden of establishing that the jurisdictional requirements have been met. *See Kontos v. United States Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). When a defendant

moves for dismissal pursuant to Rule 12(b)(1), the plaintiff must support its allegations with competent proof of jurisdictional facts. *See Thomson v. Gaskillwsa*, 315 U.S. 442, 446 (1942). With these principles in mind, we turn to the instant motion.

## DISCUSSION

The Kings' complaint alleges a list of factual grievances but fails to identify any legal theories of liability. The factual grievances are the following:

1. VA agents told Mrs. King's day care center employees and DCFS personnel that the Kings engaged in illegal acts concerning the operation of the day care center. Compl. ¶ 6.

2. VA agents entered the Kings' home without their consent. Compl. ¶ 7.

3. VA agents engaged in improper electronic and other surveillance of the Kings without their consent or appropriate court order. Compl. ¶ 8.

4. The Kings's Freedom of Information Act ("FOIA") request for information regarding the VA's investigation of the Kings was denied. Compl. ¶ 9-10.

5. VA agents withheld or denied its personnel files regarding Mr. King. Compl. ¶ 11-12.

In its motion to dismiss, the United States was forced to decipher what causes of action were being asserted. The United States concluded that the Kings were asserting

intentional tort claims for libel, slander, and interference with contract rights, and moved to dismiss them pursuant to 28 U.S.C. § 2680(h). That statute bars actions against the United States for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, *libel, slander*, misrepresentation, deceit, or *interference with contract rights* . . .." *Id* (emphasis added). The Kings concede that, to the extent that the complaint asserts claims for libel, slander, and interference with contract rights, it is barred by 28 U.S.C. § 2680(h). *See* Pl. Opp. at 3. The Kings, however, maintain that they have asserted other causes of action that are actionable against the government under the FTCA. It is unclear to us, from either the complaint or the Kings' opposition brief, what other legal causes of action the Kings are asserting. Therefore, we are unable to determine whether or not they are authorized by the FTCA.

## CONCLUSION

Based on the foregoing analysis, we grant the motion to dismiss without prejudice. The Kings have thirty days to file an amended complaint, specifically identifying any and all legal causes of action.

*[signature]*

Charles P. Kocoras
Chief Judge
United States District Court

Dated: __November 13, 2002__

-5-